Honorable Sarah Netburn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
ROBERT MEEKER and AMY MEEKER,
Individually and on behalf of C.M., a Minor          No. 1:17-cv-05673-SN

                                *Plaintiffs*,

   -against-                                                       **DEFENDANT'S MOTION
                                                                                                       TO DISMISS UNDER
                                                                                                         FRCP 12(b)(6)**

PATRICK MCLAUGHLIN,                                  NOTE ON MOTION CALENDAR
                                                                                                                             December 12, 2017
                                                            *Defendant*,                         (Oral Argument Requested)
-----------------------------------------------------------------------x

# **TABLE OF CONTENTS**

I. Table of Authorities ................................................................................................................ iii, iv

II.  Introduction .......................................................................................................................... 1

III. Meet and Confer Certification ............................................................................................. 2

IV.  Background ......................................................................................................................... 2,3

V.  Argument ............................................................................................................................. 3-11

      A. Standard of Review ...................................................................................................... 4

      B. Plaintiffs' "Wrongful Adoption" claim must be dismissed .......................................... 4-7

            1. Texas law should apply ........................................................................................... 4,5

            2. Texas does not recognize "Wrongful Adoption" tort ............................................. 5,6

            3. Even if New York law does apply, the cause of action must be Dismissed ............ 6,7

      C. Plaintiffs' "Negligence and Gross Negligence" causes of action must be dismissed ... 7,8

      D. Plaintiffs' cause of action for "Negligent Misrepresentation" must be dismissed ...... 8,9

      E. Plaintiffs' cause of action under New York General Business Law Section 349 is completely inapplicable and should be dismissed. ..................... 9,10

      F. Plaintiffs' claim for "Intentional Infliction of Emotional Distress" must also be dismissed. ................................................................................ 10,11

      G. Plaintiffs' claim for "Board of Director Liability" must also be dismissed as it has been inadequately pled. ............................................................ 11

VI.  Conclusion ........................................................................................................................... 12

# TABLE OF AUTHORITIES

**UNITED STATE SUPREME COURT**

*Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 556 U.S. 662, 173 L. Ed. 2d 868 (2009) ............................................................................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................................................................................. 4

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 582, 187 L. Ed. 2d 487 (2013) ............................................................ 4

**UNITED STATE SECOND CIRCUIT COURT OF APPEALS**

*Curley v. AMR Corp.*, 153 F. 3d 5 – Court of Appeals, 2nd Circuit 1998 ................................ 5

*AroChem Intern., Inc. v. Buirkle*, 968 F. 2d 266, 270 – Court of Appeals, 2nd Circuit 1992 ........................................................................................ 5

*Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227F. 3d 8, 20 – Court of Appeals, 2nd Circuit 2000 ........................................................................................ 8

*Securitron Magnalock Corp. v. Schnabolk*, 65 F. 3d 256, 264 – Court of Appeals, 2nd Circuit 1995 ........................................................................................ 9

*Bender v. City of New York*, 78 F. 3d 787, 790 – Court of Appeals, 2nd Circuit 1996 ........................................................................................ 10

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NY**

*Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084 – Dist. Court, SD New York 1988 ........................................................................................ 10

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NY**

*Vitolo v. Mentor H/S, Inc.*, 426 F. Supp. 2d 28 - Dist. Court, ED New York 2006 .................. 9

**USA DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

*Wolford v. Children's Home Soc'y*, 17 F. Supp. 2d 577, 582 (S.D. W. Va.1998) ..................... 6

**UNITED STATE DISTRICT COURT, EASTERN DISTRICT OF MICHIGAN**

*Dresser v. Cradle of Hope Adoption Ctr., Inc.*, 358 F. Supp. 2d 620, 639-40 (E.D. Mich. 2005) .................................................................................................................. 6

**NEW YORK STATE COURT**

*Ross v. Louise Wise Servs.*, 8 N.Y.3d 478, 488 NY: Court of Appeals 2007 ......................... 6

*Pension Fund v. Marine Bank*, 85 N.Y.2d 20, 25 Court of Appeals 1995.............................. 10

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................2,4,6,12

**NEW YORK STATE STATUTES**

New York Not-for-Profit Corporation Law Section 720-a...................................................... 7,11

New York General Business Law § 349 .................................................................................. 9

## II. INTRODUCTION

The plaintiffs Robert Meeker and Amy Meeker (hereinafter "plaintiffs") are suing individually and on behalf of their minor daughter C.M. The basis for plaintiffs' allegations involve their adopting a young child from the People's Republic of China (hereinafter "China"). Plaintiffs are suing various parties in different jurisdictions claiming they were misled (and/or information was omitted) about the health of the child. From the outset it is important to note that upon information and belief plaintiffs have not sued the adoption agency in any of the jurisdictions where litigation is ongoing. Instead, plaintiffs have pending litigation in the Federal Courts of the State of Washington alleging they are owed damages from Starfish Children's Services (hereinafter "Starfish"), a non-profit organization that pays the adoption fees on behalf of some adoptive parents. Upon information and belief, the plaintiffs have also sued several members of Starfish's Board of Directors in the Washington Action.

Defendant Patrick McLaughlin respectfully requests that this Court dismiss Plaintiffs' claims against him with prejudice. Aside from the jurisdictional preambles, Plaintiffs' Amended Complaint (hereinafter "Complaint") fails to allege sufficient causes of action against Mr. McLaughlin individually. This deficiency is fatal to all of Plaintiffs' claims. Patrick McLaughlin, the sole Defendant in this action, is often not even mentioned in large swaths of the plaintiffs' complaint and when he is, it is rarely regarding his own actions. Additionally, the contracts between Starfish and Plaintiffs disclaimed any duty to disclose information. That responsibility rested with the adoption agency; a review of the case precedent in New York Court reveals a lack of "wrongful

adoption" cases against any entity other than the actual agency. Accordingly, Plaintiffs have not pled any claims against defendant under Fed. R. Civ. P. 12(b)(6).

### III. MEET AND CONFER CERTIFICATION PURSUANT TO RULES

This motion is made following prior letters between counsel and a conference of counsel, which took place on November 15, 2017, between Richard A. Salvato, Esq., for Defendant and Dean Gresham, Esq., for the Plaintiffs. I made Mr. Gresham aware we would be filing a pre-answer motion to dismiss on November 16, 2017. Plaintiffs have already amended the complaint and there continue to be significant disputes as to whether plaintiffs have pled cognizable causes of action against defendant.

### IV. BACKGROUND

The plaintiffs in this action are citizens and residents of the State of Texas [Dkt # 34 at ¶ 6, 7 & 8.]. The plaintiffs chose to adopt a child from China and bring her into their family [Dkt # 34 at ¶ 13]. Plaintiffs have previously adopted two (2) special needs children and also have biological children of their own. [Dkt # 34 at ¶ 13].

The adopted child C.M., was living in China, where Starfish operated a foster home. [Dkt # 34 at ¶ 10]. Plaintiffs learned about C.M., through Starfish's website [Dkt # 34 at ¶ 12]. In approximately October of 2013, the plaintiff Amy Meeker, physically visited C.M., in China [Dkt # 34 at ¶112]. The letter of intent to adopt C.M., was also finalized in October of 2013. [Dkt # 34 at ¶13]. Plaintiffs were aware of C.M.'s multiple health and/or behavioral conditions. [Dkt # 34 at ¶13]. In April of 2015, plaintiff Robert Meeker flew to China to pick up C.M. and returned home to Texas with her. [Dkt # 34 at ¶ 134].

After months caring for C.M., Plaintiffs filed suit in the Southern District of New York over the adoption. The lawsuit was dismissed for improper forum. No. 16-cv-2263, 2016 U.S. Dist. LEXIS 140722 (S.D.N.Y. Oct. 11, 2016). Plaintiffs refiled the action in the United States District Court for the Western District of Washington. *See* Civil Action No. 2:17-cv-000376-RAJ. The Plaintiffs voluntarily discontinued this Washington Action as against Patrick McLaughlin on personal jurisdiction grounds. Upon information and belief this action is currently pending and active in the Western District of Washington. Based upon the failure to obtain jurisdiction over Defendant Patrick McLaughlin in the State of Washington, the plaintiffs have filed this current action in the Southern District of New York against only Defendant Patrick McLaughlin. On November 2, 2017, Plaintiffs filed their Amended Complaint. See Dkt # 34.

In none of the aforementioned lawsuits did Plaintiffs sue the relevant adoption agency, Faith International Adoptions. Instead, Plaintiffs sued Starfish and its Board of Directors individually. However, Starfish was not the adoption agency for Plaintiffs' adoption of C.M., Starfish only facilitated the adoption by paying for Plaintiffs' fees with Faith International Adoptions [Dkt. # 34 at ¶ 111].

### V. ARGUMENT

The Plaintiffs plead six causes of action against Defendant Patrick McLaughlin: (1) "Wrongful Adoption"; (2) "Negligence and Gross Negligence"; (3) "Negligent Misrepresentation"; (4) "Violation of Section 349 of New York General Business Law"; (5) "Intentional Infliction of Emotional Distress"; and (6) "Board of Director Liability." [Dkt. # 34 at pgs 46-52.] For the reasons explained below, Defendant Patrick McLaughlin requests that each of these causes of action be dismissed with prejudice.

A.     **Standard of Review**

Courts can dismiss a complaint for failing to state a claim. Fed. R. Civ. P. 12(b)(6). A plaintiff's complaint must allege facts to state a claim for relief plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 556 U.S. 662, 173 L. Ed. 2d 868 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts are not required to accept as true a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949.

B.     **Plaintiffs' "Wrongful Adoption" claim must be dismissed because Texas does not recognize the tort of wrongful adoption, New York has only recognized the tort in limited circumstances under common-law fraud principles, and Plaintiffs have not stated such a claim against Patrick McLaughlin**

1.     **Texas law should apply to this action as the balance of factors favor application of Texas law and New York has no compelling interest**

A court sitting in diversity applies the choice-of-law rules of its forum state to determine the substantive law that applies. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for*

*W. Dist. of Tex.*, 134 S. Ct. 568, 582, 187 L. Ed. 2d 487 (2013). "In New York, the forum state in this case, the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws. *See Matter of Allstate Ins. Co. and Stolarz*, 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904, 613 N.E.2d 936 (1993)." *Curley v. AMR Corp.*, 153 F. 3d 5 – Court of Appeals, 2nd Circuit 1998.  When a conflict does exist, as it does in this case, New York Courts will look to the facts and contacts that relate to the conflict and focus the majority of their emphasis on the parties' domicile and the locus of the tort. *See AroChem Intern., Inc. v. Buirkle*, 968 F. 2d 266, 270 - Court of Appeals, 2nd Circuit 1992 & *Curley v. AMR Corp.*, 153 F. 3d 5 – Court of Appeals, 2nd Circuit 1998.

The only contact this litigation has with the State of New York is that Patrick McLaughlin currently resides there. The Starfish non-profit's incorporation, the president who signed the relevant contract, the plaintiffs and the expenses incurred by the plaintiffs, have all occurred exclusively outside of the State of New York. As such, the State of Texas, the residence of the plaintiffs and the location where the majority of the expenses have been incurred, is the State with the most prevailing interest. It should be noted that plaintiffs do not allege C.M., the child whose expenses and damages are the basis of this claim, has ever even stepped foot in New York, or taken advantage of any services/charity based within the State of New York. Upon information and belief, C.M. has spent the majority of her life in either China or Texas.

### 2.     Texas Law does not recognize a "Wrongful Adoption" claim

Defendant Patrick McLaughlin is unaware of any authority supporting a claim for wrongful adoption under Texas law. Cases that have surveyed jurisdictions do not

identify Texas as a state that recognizes wrongful adoption claims. *Wolford v. Children's Home Soc'y*, 17 F. Supp. 2d 577, 582 (S.D. W. Va. 1998) (gathering cases); *Dresser v. Cradle of Hope Adoption Ctr., Inc.*, 358 F. Supp. 2d 620, 639-40 (E.D. Mich. 2005) (same). Under Texas law, Plaintiffs have failed to state a claim for "wrongful adoption." Fed. R. Civ. P. 12(b)(6).

### 3. Even if New York law applies, Plaintiffs have not stated a "wrongful adoption" claim against Patrick McLaughlin.

Plaintiffs do not allege that Defendant Patrick McLaughlin is an "adoption agency." In fact, the Plaintiffs acknowledge that Patrick McLaughlin ceased being the president of the relevant board of directors in October of 2013 [Dkt # 34 at ¶ 11]. The New York Court of Appeals recognized that the claim of wrongful adoption could be brought under the application of common-law fraud principles to the adoption setting. *Ross v. Louise Wise Servs.*, 868 NE 2d 189 – NY: Court of Appeals 2007. The limitations on said tort are evident from the start, since there is no indication a New York Statute exists to afford such protections, but that rather in limited circumstances where an adoption agency is the defendant, New York has allowed the tort to proceed under common law-fraud principles.

Importantly, it should be noted that Defendant Patrick McLaughlin is unaware of the tort of Wrongful Adoption being a cognizable cause of action against any entity other than an adoption agency in the State of New York. Plaintiffs have not alleged that Patrick McLaughlin is licensed or certified in any way as an adoption agency or child-placing agency in the State of New York (or any other jurisdiction for that matter). Not only was the relevant non-profit Starfish not an adoption agency, but Patrick McLaughlin, as an

6

individual, is certainly not an adoption agency and it is not alleged that he was a board member of any relevant adoption agency, and therefore would not fall within the limited list of parties against which the New York Courts have allowed this unique tort to proceed.

In sum, Plaintiffs' wrongful adoption claim against Defendant Patrick McLaughlin cannot survive the pleading stage because (1) Texas law should apply, and Texas does not recognize a wrongful adoption claim; (2) even if New York law does apply, the limited circumstances where the tort has been allowed to proceed have been exclusively against the actual adoption agency, which neither the Starfish non-profit, nor Patrick McLaughlin are; (3) Plaintiffs did not plead any specific wrongdoing against Patrick McLaughlin that could support a "wrongful adoption" claim.

C. **Plaintiffs' "Negligence and Gross Negligence" causes of action must be dismissed for failing to state a claim against the Defendant Patrick McLaughlin and because no duty was owed to the Plaintiffs.**

Plaintiffs' Complaint contains a cause of action under New York Not-for-Profit Corporation Law Section 720-a. The statute provides,

> Except as provided in sections seven hundred nineteen and seven hundred twenty of this chapter, and except any action or proceeding brought by the attorney general or, in the case of a charitable trust, an action or proceeding against a trustee brought by a beneficiary of such trust, no person serving without compensation as a director, officer or trustee of a corporation, association, organization or trust described in section 501 (c)(3) of the United States internal revenue code shall be liable to any person other than such corporation, association, organization or trust based solely on his or her conduct in the execution of such office unless the conduct of such director, officer or trustee with respect to the person asserting liability constituted gross negligence or was intended to cause the resulting harm to the person asserting such liability. For purposes of this section, such a director, officer or trustee shall not be considered compensated solely by reason of payment of his

> or her actual expenses incurred in attending meetings or otherwise in the execution of such office.

It is clear from Plaintiffs' complaint and the referenced statute that as a member of the Board of Starfish, Defendant Patrick McLaughlin can only have actions asserted against him sounding in gross negligence rather than ordinary negligence. As such, the portion of the cause of action sounding in ordinary negligence should be dismissed for failure to state a claim.

In reference to the claims for "Gross Negligence," the Plaintiffs' complaint makes several serious and/or severe claims against the Starfish non-profit and a plethora of individuals associated with the non-profit. But the complaint is devoid of any allegations even resembling grossly negligent behavior or actions on the part of Defendant Patrick McLaughlin. As such, the claim for "Gross Negligence" fails because it is not adequately pled against Defendant Patrick McLaughlin. It is notable that the Amended Complaint contains a plethora of allegations against either Starfish or other individuals, while Patrick McLaughlin's name is often missing from large swaths of the allegations.

**D.   Plaintiffs cause of action for "Negligent Misrepresentation" must be dismissed as a Board Member cannot be held liable for ordinary negligence.**

> Under New York law, the elements for a negligent misrepresentation claim are that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.
>
> *Hydro Investors, Inc. v. Trafalgar Power Inc*., 227F. 3d 8, 20 - Court of Appeals, 2nd Circuit 2000.

Plaintiffs' amended complaint alleges that Patrick McLaughlin "failed to exercise reasonable care or competence" [Dkt # 34 at ¶ 178]. These are allegations that sound in ordinary negligence and therefore they fail to adequately state a claim against a non-profit board member who is protected from these very claims under the aforementioned New York Not-for-Profit Corporation Law Section 720. Furthermore, the amended complaint fails to provide the actual misrepresentation alleged to have been proffered by Defendant Patrick McLaughlin, as such the Plaintiffs have failed to adequately state the claim.

E.  **Plaintiffs' cause of action under New York General Business Law Section 349 is completely inapplicable and should be dismissed.**

"New York General Business Law § 349 prohibits '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.' Although the statute is, at its core, a consumer protection device" *Securitron Magnalock Corp. v. Schnabolk*, 65 F. 3d 256, 264 - Court of Appeals, 2nd Circuit 1995.

> 'Section 349 of the General Business Law was intended to be a consumer protection statute." Teller v. Bill Hayes, Ltd., 213 A.D.2d 141, 145, 630 N.Y.S.2d 769 (N.Y.App.Div.1995).' 'In fact, prior to 1980, only the Attorney General could prosecute an action pursuant to General Business Law § 349.' Id. 'The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising.' Genesco Entertainment v. Koch, 593 F.Supp. 743, 751 (S.D.N.Y.1984).

*Vitolo v. Mentor H/S, Inc.*, 426 F. Supp. 2d 28 - Dist. Court, ED New York 2006.

Defendant contends this fourth claim is wholly inapplicable to the litigation at hand. It should first be noted that C.M. was picked up in China and taken to Texas; at no time has the amended complaint alleged the adoption took place in New York. Importantly, at no time cited within plaintiffs' complaint was defendant conducting business. Furthermore, the

9

plaintiff parents were not "consumers" since common sense dictates human beings are not a consumer item. Plaintiffs' Amended Complaint does not put forth any allegations that Patrick McLaughlin was the party from whom the Plaintiffs' adopted C.M. The conduct of the defendant and plaintiffs was not consumer oriented or related to a public consumer interest, but rather private and unique and therefore does not fall within the confines of Section 349 of the General Business Law. *See Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084 - Dist. Court, SD New York 1988; *Securitron Magnalock Corp. v. Schnabolk*, 65 F. 3d 256 - Court of Appeals, 2nd Circuit 1995; and *Pension Fund v. Marine Bank*, 647 NE 2d 741 - NY: Court of Appeals 1995. Lastly, the conduct alleged does not in any way serve to affect, impact or have a substantial effect on the public consumers interest in the State of New York. As such, the Plaintiffs have failed to adequately plead a cause of action under New York General Business Law Section 349.

F. **Plaintiffs' claim for "Intentional Infliction of Emotional Distress" must also be dismissed.**

"The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F. 3d 787, 790 - Court of Appeals, 2nd Circuit 1996.

> New York sets a high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress. See <u>Murphy v. American Home Products Corp., 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236, 448 N.E.2d 86, 90 (1983)</u> ("`so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized [society]'") (quoting Restatement of Torts, Second, § 46 cmt. d (1965)).

*Bender v. City of New York*, 78 F. 3d 787, 790 – 791, Court of Appeals, 2nd Circuit 1996.

In the present action, the Amended Complaint does not provide any specific allegations relating to Patrick McLaughlin regarding outrageous and extreme behavior, let alone enough to meet the "high threshold" for establishing such a claim. The failure to plead the conduct alleged as extreme or outrageous is fatal to the claim.

Furthermore, in the State of New York the statute of limitations on a claim is provided within the C.P.L.R. N.Y. C.P.L.R. § 215(3) provides that the statute of limitations for such an intentional tort is one (1) year from the act. Since plaintiffs' complaint acknowledges the Meekers adopted C.M. in April of 2015, the statute ran sometime in April of 2016. However, if the acts alleged on the part of Patrick McLaughlin were committed before he stepped down as President of the Board in October of 2013, then the statute would have expired no later than October of 2014. As such, the cause of action for Intentional Infliction of Emotional Distress should be dismissed.

G. **Plaintiffs claim for "Board of Director Liability" must also be dismissed as it has been inadequately pled.**

Plaintiffs assert a claim for Board of Director Liability under Not-for-Profit Corporation Law 720-a. However, plaintiffs have failed to assert specific allegations against Defendant Patrick McLaughlin as to what actions Mr. McLaughlin took that constituted gross negligence on his part. It should again be emphasized that a large portion, if not an outright majority of the complaint identifies either the Starfish non-profit or other individuals, while illustrating a lack of allegations against Defendant Patrick McLaughlin directly.

## **VI. CONCLUSION**

For the foregoing reasons, Defendant Patrick McLaughlin respectfully requests that this Court dismiss all of Plaintiffs' claims against them with prejudice. Plaintiffs have attempted to litigate claims best suited for Starfish or Faith International Adoptions (the adoption agency) against Mr. McLaughlin personally. Plaintiffs have failed to set forth specific allegations against Patrick McLaughlin in support of their causes of action. Accordingly, their claims against Patrick McLaughlin must be dismissed under Fed. R. Civ. P. 12(b)(6).

RESPECTFULLY SUBMITTED THIS 16th Day of November, 2017,

          ROBERT A. PEIRCE & ASSOCIATES

          By: *Richard A. Salvato*
          Richard A. Salvato, Esq.
          SDNY # PHV
          New York Bar No. 5203633
          Attorneys for Defendant Patrick McLaughlin
          8 Cottage Place
          White Plains, New York 10601
          Tel: (914) 946-8200
          Fax: (914) 948-9471
          Email: ras.peircelaw@gmail.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the United States that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | | |
|---|---|---|
| James L. Mitchell<br>Payne Mitchell Law Group<br>2911 Turtle Creek Blvd., Ste. 1400<br>Dallas, TX 75219<br>jim@paynemitchell.com | *Counsel for Plaintiffs* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| Dean Gresham<br>Steckler Gresham Cochran, PLLC<br>12720 Hillcrest Road, Ste. 1045<br>Dallas, TX 75230<br>dean@stecklerlaw.com | *Counsel for Plaintiffs* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| Richard A. Salvato<br>Robert A. Peirce & Associates<br>8 Cottage Place<br>White Plains, NY 10601<br>ras.peircelaw@gmail.com | *Counsel for Defendant*<br>*Patrick McLaughlin* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |

DATED this 16th day of November, 2017 at White Plains, New York.

                                        *Richard A. Salvato*
                                        Richard A. Salvato